## CLOUGH *vs.* DAVIS.

If a note is made on Sunday, and placed in the hands of an agent, to be delivered to the payee, and it is afterwards so delivered ; and subsequently the maker promises to pay the note—this is a ratification of the note, and the payee is entitled to recover its contents.

THIS was an action of assumpsit upon a note dated July 27, 1835, for $220, payable to John Barker, or order, in sixty day, with interest, and endorsed by the payee. The cause was tried upon the general issue, when it was admitted that the defendant made the note. It appeared that the note was given to secure the payment of the price of a certain share in the Marr estate, in Great Britain, conveyed by Barker to Davis. It also appeared, that the note was written and signed on Sunday, the 26th day of July, 1835, and delivered on the same day to an agent, with authority to give it to the payee the next day, on receiving a deed from him to convey to the maker the share in the Marr estate.

On the next day, the agent so appointed delivered the note to the payee, and received a deed. All these circumstances were known to the payee when he received the note, the bargain for the share in the estate having been made at the time the note was signed. Some time after the payee received the note, and before it became payable, the defendant told the payee that he would see it paid when it became due, or would give a new note, that could be discounted at a bank. A verdict was taken, by consent, for the defendant, subject to the opinion of the court on the above case.

*Bartlett*, for the defendant.

*Bell*, *Lyford* and *Clark*, for the plaintiff.

Wilcox, J. The statute of December 24, 1799, entitled " An act for the better observation of the Lord's day," &c., provides " that no tradesman, artificer, or any other person whatsoever, shall do or exercise any labor, business or work of their secular callings, works of necessity and mercy only excepted, nor use any game, play, or recreation, on the first day of the week, commonly called the Lord's day, or any part thereof, upon pain that every person so offending shall forfeit a sum not exceeding six dollars nor less than one." 1 *Laws* 167. The phraseology of this statute differs somewhat from that of the 29 Car. II. And the prevailing opinion seems to be, that in this state all secular contracts made on the Sabbath are void. *Frost* vs. *Hill*, 4 *N. H. R.* 153; *Shaw* vs. *Dodge*, 5 *N. H. R.* 462.

It is unnecessary, however, in the present case, to decide whether a note made on Sunday is void; because in fact no contract was executed on Sunday. The note was written and signed on Sunday, but not delivered to the payee. The contract was not completed. The instrument given in evidence was not a subsisting contract on Sunday, nor so regarded or intended by the parties. It was wholly inoperative, unless something more had been done.

But the note was placed in the hands of an agent, with authority to deliver it upon the next day ; and he did deliver it accordingly. If, however, a secular contract made on the Sabbath is prohibited, and therefore void, the authority to the agent, for the same reason is equally against law, and void. To which it is answered, on the part of the plaintiff, that the defendant, after the delivery of the note, promised to pay it when due. It is well settled, that if a stranger assume to act as agent to another, without even the semblance of authority, the party may adopt and ratify the transaction ; in which case the contract becomes as valid and obligatory as if made by an agent duly authorized ; a subsequent ratification being equivalent to a previous authority.

And we are of opinion that this is a sufficient answer ; and that, although the note must be regarded as having been delivered without authority, the subsequent agreement of the defendant to pay the note when due, or substitute for it a new note, that could be discounted at a bank, is a confirmation of the note, upon which the plaintiff may recover its amount. *Williams* vs. *Paul,* 6 *Bing.* 653 ; *Bloxsome* vs. *Williams,* 3 *B. & C.* 232.

*Verdict set aside.*